

1      UNITED STATES BANKRUPTCY COURT
       SOUTHERN DISTRICT OF NEW YORK
2

3

4    - - - - - - - - - - - - - - - - - - - - - - - - - - x
     In the matter of:
5
     EDWIN RAMOS AND MICHELLE          Case No. 10-23019-rdd
6    AVA STOUBER-RAMOS,                Chapter 7

7                          Debtors.

8    - - - - - - - - - - - - - - - - - - - - - - - - - - x

9

10                   MODIFIED BENCH RULING ON
          MOTION FOR CONTEMPT AGAINST BANK OF AMERICA, NA
11

12   APPEARANCES:

13   For the Debtor:        MICHAEL H. SCHWARTZ, ESQ.
                            Michael H. Schwartz & Associates, PC
14                          One Water Street
                            White Plains, NY 10601
15

16
     Hon. Robert D. Drain
17

18

19

20

21

22

23

24

25

```
 1

 2

 3        I have before me a motion by the debtors, Mr. and Mrs.

 4   Ramos, for an order holding their mortgage lender, Bank of

 5   America, in contempt for violation of their discharge, under

 6   sections 524 and 727 of the Bankruptcy Code.  This case was

 7   reopened under section 349 of the Bankruptcy Code for the sole

 8   purpose of permitting the debtors to bring this motion.  The

 9   motion to reopen was on notice to Bank of America; the present

10   motion also was served on Bank of America, including on its

11   general counsel.

12        Both motions asserted a course of conduct pursuant to

13   which Bank of America, with knowledge of the debtors'

14   bankruptcy and discharge (it was a scheduled creditor),

15   continued to send the debtors monthly statements in which it

16   sought to collect its debt from them.  Those efforts, as will

17   be discussed in a moment, were not confined to informing the

18   debtors what they needed to pay or otherwise do in order to

19   retain their house, on which Bank of America asserts a lien;

20   they also clearly involved collection on the debt personally

21   from the debtors.  In addition, the motions referred to

22   numerous phone calls from agents of Bank of America who sought

23   to collect on the debt personally from the debtors.

24             Bank of America has not objected to the motion and

25   has not appeared at today's hearing to controvert the motion's
```

1

2

3    allegations or otherwise explain its conduct.

4        Although Bank of America was served with both

5    motions, and the debtors' counsel has represented that he has

6    diligently attempted to contact Bank of America to have it

7    cease sending such statements and making such phone calls, I

8    have been provided with a recent statement showing that the

9    billing activity has continued since the service of the

10   motion.

11       The law is clear that the Court has the power to

12   enforce the discharge which is set forth in this case in an

13   order that is attached to this motion, and that a violation of

14   the discharge under section 524(a)(2) of the Bankruptcy Code

15   is punishable by contempt.  See In re Nassoko, 405 B.R. 515,

16   520 (Bankr. S.D.N.Y. 2009), and the cases cited therein.  The

17   Nassoko case also makes it clear that the enforcement of the

18   discharge order may be made by means of a contempt motion as

19   opposed to an adversary proceeding that would be governed by

20   the Part VII rules of the Bankruptcy Code, id. at 526, citing

21   among other cases In re Texaco Inc. 182 B.R. 937, 945-46

22   (Bankr. SDNY 1995).  So, procedurally, this motion is proper.

23       For a finding of contempt, the burden rests with the

24   movant to show by clear and convincing evidence that the

25   offending entity has knowledge, actual or constructive, of the

1

2

3    discharge and willfully violated it by continuing with the

4    activity complained of. Id. at 520 quoting In re Torres, 367

5    B.R. 478, 490 (Bankr. S.D.N.Y. 2007).  And Nassoko also stands

6    for the proposition that compensatory damages, in addition to,

7    of course, sanctions, may be awarded as a sanction for civil

8    contempt if a party willfully violates the section 524(a)(2)

9    injunction.

10          Attorney's fees may also be awarded if, in addition

11   to willfully disobeying the Court's order, the party acts in

12   bad faith, vexatiously, wantonly or for oppressive reasons.

13   Id., citing In re Dabrowski, 257 B.R. 394, 416 (Bankr.

14   S.D.N.Y. 2001).

15          Here, in this context for this type of relief,

16   willfulness consists of knowingly going forward with

17   collection activity in respect of an in personam debt knowing

18   or having reason to know that the debtor was in bankruptcy and

19   has received a discharge.  That's certainly alleged here, and

20   it's consistent with the facts, which show that Bank of

21   America was provided with notice of both the bankruptcy and

22   the discharge as well as the fact that the collection activity

23   continued after this case was reopened for the specific

24   purpose of enforcing the discharge and after this motion was

25   filed.

1

2

3        The lender here, which asserts a mortgage on the

4   debtors' house, <u>has</u> the ability to enforce that mortgage and

5   may inform a debtor of that right and may give a debtor

6   information to establish how the debtor can avoid the

7   enforcement of the mortgage, i.e. paying the debt or

8   negotiating a settlement or modification of the debt. That is

9   because a discharge is of <u>in personam</u> debt and does not affect

10  a creditor's lien rights.  However, and the law is clear on

11  this, unless the lender's communications with the debtor

12  clearly and conspicuously make that distinction – that is, if

13  the communications to the debtor instead simply say, "You need

14  to pay this debt", the lender will be in contempt of the

15  discharge injunction.  See, for example, <u>In re Stuart</u>, 2010

16  Bankr. Lexis 2041 at *3 (Bankr. N.D. Cal., June 21, 2010); <u>In</u>

17  <u>re Harlan</u>, 402 B.R. 703, 714-16 (Bankr. W.D. Va., 2009); <u>In re</u>

18  <u>Anderson</u>, 348 B.R. 652, 661 (Bankr. D. Del. 2006); <u>In re</u>

19  <u>Curtis</u>, 322 B.R. 470, 484-85 (Bankr. D. Mass 2005).

20        This distinction should be particularly clear to

21  Bank of America, since the District Court for the Western

22  District of Virginia has twice ruled that where Bank of

23  America did clearly make notice in its billing to a debtor

24  that the bill was solely for information purposes in respect

25  of the enforcement of the lien, as opposed to for any other

1

2

3   purpose, and it made it clear that the debt itself was

4   discharged, it would <u>not</u> be in contempt of a discharge order,

5   but otherwise would have been.   See <u>Pearson v. Bank of</u>

6   <u>America</u>, 2012 U.S. Dist. LEXIS 94850 at *14-16 (W.D. Va. July

7   10, 2012) and <u>Anderson v. Bank of America</u>, 2012 U.S. Dist.

8   LEXIS 95309 at *8-10 (W.D. Va. July 11, 2012).

9          I have reviewed the statements sent by Bank of

10   America to the debtors that are attached as exhibits to the

11   contempt motion before me, going through June 1, 2013.   Each

12   of them fails to make the distinction that Bank of America

13   obviously knows how to make because they made it in the

14   <u>Pearson</u> and <u>Anderson</u> cases that I just cited.   They say

15   nothing about the debtors' discharge.   They say nothing about

16   the fact that the bill is being sent for information purposes

17   and only in respect of the bank's lien interest on the house.

18   And, in addition, they state, among other things, "Bank of

19   America N.A. will proceed with collection action until your

20   account is brought fully current."   They do that on each bill.

21   And it says, "You are responsible for paying the bill."

22   Obviously, that language seeks to enforce a debt not simply in

23   respect of the house upon which Bank of America has or asserts

24   a mortgage but, instead, against the debtors directly and,

25   therefore, it is in contempt of the discharge order – clearly.

1

2

3        I would also note that to the extent that the

4   debtors through their counsel have represented to me at

5   today's hearing that the loan has been sold to someone else,

6   that very sale could be also in violation of the discharge

7   order.  See In re Nassoko, 405 B.R. 520-22.

8        Clearly the attorney's fees here are warranted as

9   actual damages.

10       In addition, particularly given that Bank of America

11  knows how to do this properly, as evidenced by the two Western

12  District of Virginia cases that I've cited, coercive sanctions

13  are warranted, and they're especially warranted given the fact

14  that Bank of America apparently has ignored this matter

15  notwithstanding being served twice and having been given an

16  opportunity to correct the problem, which it has not done.

17  Instead, it has continued to send the bills.  So it will be

18  sanctioned $10,000.00 a month until it corrects this matter

19  payable to the debtors through their attorney.  My reasoning

20  behind that sanction is that this is not just a stupid

21  mistake.  This is a policy.  And frankly, $10,000.00 a month

22  plus attorney's fees may not mean much to Bank of America, but

23  at least it will send a message that other attorneys may pick

24  up on.

25
    **Dated:**     White Plains, New York
                   October 1, 2013

                             /s/Robert D. Drain
                             **UNITED STATES BANKRUPTCY JUDGE**